UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 17-073-JJM-PAS |
| | ) |
| RANDY LUTZ, | ) |
| Defendant. | ) |

## ORDER

The government has charged Randy Lutz in an indictment with various counts arising from his alleged extortion of his former employer. He has filed a Motion to Dismiss the indictment (ECF No. 25) alleging that the government was late in producing discovery causing a delay in bringing this case to trial and therefore the Court should exercise its discretion to dismiss the indictment.

The Court declines to dismiss the indictment under Federal Rule of Criminal Procedure 48(b).[1] That Rule allows the Court to "dismiss an indictment, information, or complaint if unnecessary delay occurs in . . . bringing a defendant to trial." Fed. R. Crim. P. 48(b)(3). Rule 48(b) does not require the Court to find a violation of a defendant's Sixth Amendment right to a speedy trial. *United States v. Correia*, 531

---

[1] In as much as Mr. Lutz argues that the government has violated his rights under the Speedy Trial Act, his motion also must fail. Under the Act, trial must commence within seventy countable days from the date the government indicts a defendant, or the date the defendant appears before the judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). By the Court's count, only twenty-six countable days have elapsed since the government arraigned Mr. Lutz on August 28, 2017. Thus, the government has not violated his right to a speedy trial under the Act.

F.2d 1095, 1099 (1st Cir. 1976). However, courts may consider the same factors when deciding whether to dismiss an indictment under Rule 48(b). *See, e.g., United States v. Judge*, 425 F. Supp. 499, 503 (D. Mass. 1976); *United States v. Dowl*, 394 F. Supp. 1250, 1257 (D. Minn. 1975). As set forth by the United States Supreme Court in *Barker v. Wingo*, those four factors are: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant. 407 U.S. 514, 530 (1972).

First, the length of the delay here is not so long as to counsel in favor of dismissal. The government indicted Mr. Lutz less than one year ago, on August 15, 2017. ECF No. 12. The First Circuit has observed that, "[g]enerally, delay [between indictment and trial] becomes prejudicial around the one-year mark." *United States v. Souza*, 749 F.3d 74, 81 (1st Cir. 2014). It is thus debatable whether this case has even "crossed the threshold dividing ordinary [delay] from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651–52 (1992) (quoting *Barker*, 407 U.S. at 530). Because of the relatively short time that has elapsed, this factor weighs against dismissal.

Second, the reason for delay, does weigh in favor of Mr. Lutz. Mr. Lutz requested discovery on November 6, 2017; however, the government failed to provide it until March 9, 2018. Although it cites voluminous data and logistical problems in producing the discovery, the government acknowledges it bears responsibility for this delay. ECF No. 27 at 5. This factor, then, weighs in favor of dismissal.

Third, Mr. Lutz's failure to assert his right to a speedy trial must weigh against him. A defendant "must 'give some indication, prior to [his] assertion of a speedy trial violation, that [he] wishes to proceed to trial.'" *United States v. Maxwell*, 351 F.3d 35, 41 (1st Cir. 2003) (quoting *United States v. Trueber*, 238 F.3d 79, 88 (1st Cir. 2001)). Prior to this motion, Mr. Lutz has given no indication of his desire to proceed to trial, and so this factor also weighs against dismissal.

Finally, the Court turns to prejudice, which must be assessed in light of three interests. The first is to prevent oppressive pretrial incarceration. *Barker*, 407 U.S. at 532. Mr. Lutz is not detained, and is instead subjected to conditions of pretrial release. These conditions, while restrictive, are not as oppressive as detention, and so this factor does not weigh in favor of dismissal.

The second interest is to minimize the anxiety and concern of the accused. *Id.* The First Circuit has "not weigh[ed] this heavily, especially where [the defendant] took no early action to expedite his trial . . . [including] by demanding an earlier trial. . . . 'While this type of prejudice is not to be brushed off lightly, considerable anxiety normally attends the initiation and pendency of criminal charges; hence only undue pressures are considered.'" *United States v. Santiago-Becerril*, 130 F.3d 11, 23 (1st Cir. 1997) (quoting *United States v. Henson*, 945 F.2d 430, 438 (1st Cir. 1991)). Mr. Lutz has not presented any undue pressures, and so this factor also does not cut in favor of dismissal.

The third and final interest is limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. Mr. Lutz need not demonstrate specifically how

his defense will be impaired; however, the prejudice the Court will presume will correspond with the length of the delay. *See Doggett*, 505 U.S. at 657; *id.* at 652 n.1. Because the length of delay here has been relatively brief—less than one year—this factor also does not weigh in favor of dismissal.

Accordingly, the Defendant's Motion to Dismiss the Indictment (ECF No. 25) is DENIED.

IT IS SO ORDERED:

/s/ John J. McConnell, Jr.
_____
John J. McConnell, Jr.
United States District Judge

April 19, 2018